No. 13-30315
(consolidated with Nos. 13-30329, 13-31220)

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

IN RE: DEEPWATER HORIZON

---

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. No. 12-970

---

# MOTION OF DEFENDANTS-APPELLANTS TO CONSOLIDATE APPEALS

---

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Theodore B. Olson
*Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Counsel for Appellants*
[*additional counsel listed on next page*]

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
(312) 876-8000

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

# MOTION TO CONSOLIDATE APPEALS

BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. ("BP") respectfully request that this Court consolidate this appeal with BP's newly filed appeal from the district court's December 24, 2013 order on remand from this Court's judgment of October 2, 2013, and order of December 2, 2013. In accordance with Fifth Circuit Rule 27.4, BP has contacted all other parties to these appeals. Plaintiffs–Appellees in No. 13-30315, who are also Plaintiffs–Appellees in BP's newly filed appeal, do not consent to the relief requested in this motion and reserve the right to file an opposition. The Claims Administrator, who was a Defendant-Appellee in No. 13-30315, takes no position on this motion.

1. BP's newly filed appeal arises from the district court's December 24, 2013 decision on remand from this panel's judgment in *In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. Oct. 2, 2013) (No. 13-30315, consolidated with No. 13-30329), and this panel's December 2, 2013 order reaffirming that judgment, Doc. 00512457612 (No. 13-30315, consolidated with Nos. 13-30329 and 13-31220) ("Dec. 2 Order").

In its October 2 decision, this panel vacated the district court's Variable-Profit Decision, which misconstrued the *Deepwater Horizon* settlement agreement's Business Economic Loss ("BEL") framework in a manner that produces awards for inflated and fictitious claims arising from the *Deepwater Horizon* oil spill. Judge Clement and Judge South-

wick also addressed Class Counsel's argument—made in defending the district court's Variable-Profit Decision—that the settlement authorized payment without regard to causation. Judge Clement explained that this interpretation was incompatible with the requirements of Federal Rule of Civil Procedure 23, the Rules Enabling Act, and Article III, 732 F.3d at 341-42, and "could imperil a final approval of the settlement." *Id.* at 344. She explained further that "the district court had no authority to approve the settlement of a class that included members that . . . had sustained losses unrelated to the oil spill, as BP alleges." *Id.* at 343. Thus, Judge Clement concluded that the court "should have rendered the Settlement lawful by adopting [BP's contrary] interpretation, as long as the interpretation is reasonable and effective." *Id.*

Judge Southwick agreed that Judge Clement's analysis of the causation issue was "logical in finding that constitutional infirmities would exist if certain corrections are not made to the interpretation of Exhibit 4C" (regarding the BEL framework). 732 F.3d at 346 (Southwick, J., concurring). He also expressed concern that, if the settlement agreement permitted payment of claims with no causal nexus to the spill, this could mean the "invalidity [of] the Settlement Agreement's causation framework." *Id.* Judge Southwick stated, however, that he "would defer the issue and allow the parties on remand to give it the attention it deserves." *Id.*

On remand, the district court summarily rejected BP's arguments regarding the causal-nexus requirement for class membership and refused to issue an injunction enforcing that requirement. *See*, *e.g.*, Emergency Motion (Doc. 00512449474) at 2-3, Ex. B at 2-4, Ex. N. at 1 n.1, Ex. Y at 1 (Nov. 21, 2013). BP therefore filed an emergency motion asking this panel: (1) to enforce its October 2 judgment by holding that the district court misinterpreted the settlement agreement by failing to enforce the causal-nexus requirement for class membership; and (2) to issue an injunction enjoining further payments to BEL claimants whose injuries are not traceable to the oil spill. *See* Emergency Motion at 9-49. Although this Court has retained jurisdiction over BP's appeal in this case pending remand, *see* 732 F.3d at 346, BP also filed a protective notice of appeal from the district court's orders refusing to enforce the causal-nexus requirement.

After the filing of BP's emergency motion but before this Court had ruled, the district court issued a further order in which it attempted to explain its previous rejection of BP's arguments concerning the causal-nexus requirement for class membership. MDL 2179 Docket Entry ("D.E.") 11890. The court ruled that BP was estopped from raising any arguments concerning that causal-nexus requirement because of statements previously made by BP concerning the meaning of Exhibit 4B of the settlement agreement. *Id.* at 4-7, 10-11. The court adopted this position even though Exhibit 4B explicitly provides that it has no

application until *after* a given claimant's class membership has been established, *see* Agreement Ex. 4B, at 1 n.1 (ROA.13-30315.4260); Agreement § 1.3.1.2 (ROA.13-30315.4071), and thus it sheds no light on the causal-nexus requirement for class membership.

On December 2, this panel held that the district court erred in refusing to give full consideration to the causal-nexus requirement as part of the remand proceeding. The panel ruled that "[t]he district court's refusal to consider causation, upon presentation of that issue by [BP], contravenes the direction in the concurring opinion to 'allow the parties on remand to give [the causation issue] the attention it deserves.'" Dec. 2 Order at 3 (quoting *Deepwater Horizon*, 732 F.3d at 346 (Southwick, J., concurring)) (third alteration in original). The panel affirmed that the October 2 decision "invited the parties to present arguments with respect to causation." *Id.* The panel therefore "again remanded" "the issue of causation" "for expeditious consideration and resolution in crafting" a stay ensuring that only claimants that experienced "'actual injury traceable to loss from the Deepwater Horizon accident'" recover from BP. *Id.* (quoting 732 F.3d at 345). The panel did not rule on BP's emergency motion to enforce the October 2 judgment and to enjoin further payments to the BEL claimants whose injuries are not traceable to the spill; it instead "carried [that motion] with this appeal." *Id.* at 3-4. The panel also consolidated with this appeal BP's newly filed protective

appeal (No. 13-31220) from the district court's orders refusing to enforce the causal-nexus requirement. *Id.* at 4.

Notwithstanding this Court's December 2 order, on December 24 the district court issued a further ruling adhering to its prior position that BP is estopped from raising the causal-nexus arguments that this Court has twice directed the district court to consider. *See* D.E. 12055 at 12-18. Moreover, the district court held that the absence of a meaningful causal-nexus requirement does not defeat class certification or invalidate the settlement under Rule 23 and Article III. *See id*. at 19-36. On December 26, BP filed a protective notice of appeal from the December 24 order.

2. BP's position is that the district court's December 24 order addressing this panel's remand instructions means that that order is automatically within this panel's continued jurisdiction over appeal No. 13-30315. Regardless, these appeals—No. 13-30315 and BP's newly filed appeal—should be consolidated if the panel does not already deem BP's protectively filed new appeal to be a further proceeding in No. 13-30315. This Court has authority to consolidate appeals arising from the same underlying litigation, *see*, *e.g., Elizondo* v. *Green*, 671 F.3d 506, 509 (5th Cir. 2012), and the Court liberally consolidates appeals for purposes of judicial economy and efficiency. *See In re Cao*, 619 F.3d 410, 415 (5th Cir. 2010); *see also* Fed. R. App. P. 3(b) advisory committee's note to 1967 amendment (consolidation of appeals should be en-

couraged "whenever feasible"). This Court's sister circuits follow this practice to conserve judicial resources and to promote consistent treatment. *See*, *e.g.*, *Chem One, Ltd.* v. *M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (granting consolidation because "the appeals arise from the same conjoined . . . litigation" and "would be both efficient and equitable"); *United States* v. *Mills*, 613 F.3d 1070, 1071 n.1 (11th Cir. 2010); *United States* v. *Logan*, 333 F.3d 876, 878 (8th Cir. 2003).

These appeals are closely and inherently intertwined. Like No. 13-30315, BP's newly filed appeal arises from the district court's continued failure to enforce the terms of the settlement agreement. The newly appealed order is, as the district court recognized, a direct response to "issues remanded from the Fifth Circuit Court of Appeals regarding Business Economic Loss claims." D.E. 12055 at 1. And like No. 13-31220 (which this panel has already consolidated with this appeal) BP's new appeal arises specifically from the district court's failure to enforce the settlement agreement's causal-nexus requirement for class membership. *See Deepwater Horizon*, 732 F.3d at 345; *see id.* at 346-47 (Southwick, J., concurring). BP and Class Counsel already briefed the causal-nexus issue at length before this panel in connection with BP's emergency motion in No. 13-31220. Consolidation of these appeals will thus further the interest in judicial efficiency while avoiding the potential for duplicative litigation and the risk of potentially divergent outcomes.

To conserve judicial resources and to promote consistent treatment, BP respectfully asks that this Court consolidate this appeal with BP's newly filed appeal.

December 26, 2013

Respectfully Submitted,

/s/ Theodore B. Olson

Theodore B. Olson
*Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 S. Wacker Dr., Suite 7800
Chicago, IL 60606
(312) 876-8000

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 26, 2013, counsel for Defendants–Appellants conferred with counsel for Plaintiffs–Appellees and counsel for the Claims Administrator to (1) advise them of the intended filing of this motion, pursuant to this Court's Rule 27.3, and (2) determine, pursuant to this Court's Rule 27.4, whether an opposition will be filed. Plaintiffs–Appellees do not consent to the relief requested in this motion and reserve the right to file an opposition. The Claims Administrator takes no position on the motion.

/s/ *Theodore B. Olson*

Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2013, an electronic copy of the foregoing Motion of Defendants-Appellants to Consolidate Appeals was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

/s/ *Theodore B. Olson*

Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that on December 26, 2013, this Motion of Defendants-Appellants to Consolidate Appeals was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov. I further certify that: (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Microsoft Forefront Endpoint Protection and is free of viruses.

/s/ *Theodore B. Olson*

Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500