No. 13-30315
(consolidated with Nos. 13-30329, 13-31220, and 13-31316)

———————————

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————

In Re: Deepwater Horizon

———————————

Lake Eugenie Land & Development, Incorporated; Bon Secour Fisheries, Incorporated; Fort Morgan Realty, Incorporated; Lfbp 1, L.L.C. doing business as GW Fins; Panama City Beach Dolphin Tours & More, L.L.C.; Zekes Charter Fleet, L.L.C.; William Sellers; Kathleen Irwin; Ronald Lundy; Corliss Gallo; John Tesvich; Michael Guidry, on behalf of themselves and all others similarly situated; Henry Hutto; Brad Friloux; Jerry J. Kee,

*Plaintiffs–Appellees,*

*v.*

BP Exploration & Production Incorporated,
BP America Production Company, and BP P.L.C.,

*Defendants–Appellants.*

———————————

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. No. 12-970

———————————

## BRIEF OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, THE NATIONAL ASSOCIATION OF MANUFACTURERS, AND THE UNITED STATES HISPANIC CHAMBER OF COMMERCE AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS

———————————

*[Counsel Listed on Inside Cover]*

Rachel Brand
Tyler R. Green
NATIONAL CHAMBER LITIGATION
CENTER, INC.
1615 H Street, N.W.
Washington, D.C. 20062

Linda E. Kelly
Quentin Riegel
NATIONAL ASSOCIATION OF
MANUFACTURERS
733 10th Street, N.W.
Washington, DC 20001

Catherine E. Stetson
   *Counsel of Record*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 637-5600
cate.stetson@hoganlovells.com

*Counsel for Amici Curiae*

# SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

No. 13-30315
(consolidated with Nos. 13-30329, 13-31220, and 13-31316)

IN RE: DEEPWATER HORIZON
_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C. DOING BUSINESS AS GW FINS; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKES CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

*Plaintiffs–Appellees,*

*v.*

BP EXPLORATION & PRODUCTION INCORPORATED,
BP AMERICA PRODUCTION COMPANY, AND BP P.L.C.,

*Defendants–Appellants.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

## A. Plaintiffs–Appellees

This action was brought by fifteen class representatives: Lake Eugenie Land & Development, Inc.; Bon Secour Fisheries, Inc.; Fort Morgan Realty, Inc.; LFBP #1, LLC d/b/a GW Fins; Panama City Beach Dolphin Tours & More, LLC; Zeke's

Charter Fleet, LLC; William Sellers; Kathleen Irwin; Ronald Lundy; Corliss Gallo;

John Tesvich; Michael Guidry; Henry Hutto; Brad Friloux; and Jerry J. Kee.  The

class representatives represent the Economic and Property Damages Class that the

district court certified, for settlement purposes only, on December 21, 2012.  *See*

DL 2179 Docket Entry ("D.E.") 8138, 8139.  The absent class members together

comprise a "large group of persons [who] can be specified by a generic description,

[such that] individual listing is not necessary."  5th Cir. R. 28.2.1.

### B. Counsel for Plaintiffs–Appellees

Stephen Jay Herman
Soren E. Gisleson
HERMAN HERMAN & KATZ LLLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892

James Parkerson Roy
DOMENGEAUX, WRIGHT, ROY &
EDWARDS
Suite 500
556 Jefferson Street
Lafayette, LA 70501
(337) 233-3033

Elizabeth Joan Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN
29th Floor
275 Battery Street
San Francisco, CA 94111
(415) 956-1000

Samuel Issacharoff
NEW YORK UNIVERSITY SCHOOL OF
LAW
40 Washington Square, S., Suite 411J
New York, NY 10012
(212) 998-6580

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9159

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
(985) 876-7595

iv

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL,
ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
(850) 435-7045

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
(212) 558-5802

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
(757) 670-3888

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA 70601
(337) 439-0707

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
(504) 394-9000

Michael C. Palmintier
DEGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGÉ
618 Main Street
Baton Rouge, LA 70801-1910
(225) 344-3735

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, AL 36660
(251) 471-6191

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
(504) 588-1500

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
(601) 949-3388

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
(225) 664-4193

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
(305) 476-7400

Mikal C. Watts (resigned)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3,
Suite 100
San Antonio, TX 78257
(210) 447-0500

James B. Irwin, V
Douglas J. Moore
IRWIN FRITCHIE URQUHART & MOORE,
LLC
400 Poydras St.
Suite 2700
New Orleans, LA 70130
(504) 310-2100

### C. Defendants–Appellants

BP Exploration & Production Inc.
BP America Production Company
BP p.l.c.

### D. Counsel for Defendants–Appellants

Theodore B. Olson
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey Bossert Clark
Dominic E. Draye
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-5985

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Jeffrey Lennard
Keith Moskowitz
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
(312) 876-8000

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX 77079
(281) 366-2000

### E.  Defendants–Appellees

*Deepwater Horizon* Court Supervised Settlement Program
Patrick A. Juneau (Claim Administrator)

### F.  Counsel for Defendants–Appellees

Richard C. Stanley
Jennifer L. Thornton
Gina M. Palermo
Patrick H. Fourroux

STANLEY, REUTER, ROSS, THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580

Phillip A. Wittman
John M. Landis
Maggie A. Broussard
STONE PIGMAN WALTHER WITTMAN LLC
546 Carondelet Street
New Orleans, LA 70130-3588
(504) 581-3200

David Israel
Kevin G. Barreca
SESSIONS, FISHMAN, NATHAN, & ISRAEL, LLC
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
(504) 828-3700

### G. *Amici Curiae*

The Chamber of Commerce of the United States of America
The National Association of Manufacturers
The United States Hispanic Chamber of Commerce

### G. Counsel for *Amici Curiae*

Catherine E. Stetson
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 463-5337

Rachel Brand
Tyler R. Green
NATIONAL CHAMBER LITIGATION
CENTER, INC.
1615 H Street, N.W.
Washington, D.C. 20062
(202) 637-3000

Linda E. Kelly
Quentin Riegel
NATIONAL ASSOCIATION OF MANUFACTURERS
733 10th Street, N.W.
Washington, DC 20001

Respectfully submitted,

*/s/ Catherine E. Stetson*
Catherine E. Stetson
*Counsel for Amici Curiae*

# TABLE OF CONTENTS

<u>Page</u>

SUPPLEMENTAL CERTIFICATE OF INTERESTED
PERSONS ...................................................................................................... iii

TABLE OF AUTHORITIES ......................................................................xi

INTERESTS OF THE *AMICI CURIAE* ...................................................1

ARGUMENT ...................................................................................................2

CONCLUSION ................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF ELECTRONIC COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

CASES:

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997)............................................................................4

*Bell v. Ascendant Solutions, Inc.*,
422 F.3d 307 (5th Cir. 2005) ............................................................5

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013)......................................................................6

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) .......................................................3, 4

*In re Agent Orange Product Liability Litigation*,
818 F.2d 145 (2d Cir. 1987) .............................................................4

*In Re Corrugated Container Antitrust Litigation*,
643 F.2d 195 (5th Cir. 1981) ..........................................................3, 8

*In Re Exxon Valdez*,
229 F.3d 790 (9th Cir. 2000) ............................................................4

*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*,
910 F. Supp. 2d 891 (E.D. La. 2012)...............................................4, 5

*Lewis v. Casey*,
518 U.S. 343 (1996)............................................................................6

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)............................................................................5

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976) .............................................................4

*Wal-Mart Stores, Inc.* v. *Dukes*,
131 S. Ct. 2541 (2011)........................................................................5

*Williams v. First Nat. Bank*,
216 U.S. 582 (1910)............................................................................3

# TABLE OF AUTHORITIES—Continued

Page

**RULES:**

Fed. R. App. P. 29(c)(5) ....................................................................................1

Fed. R. App. P. 35(a)(2) ....................................................................................7

Fed. R. Civ. P. 23 ....................................................................................2, 5, 6, 7, 8

## INTERESTS OF THE *AMICI CURIAE*[1]

The Chamber of Commerce of the United States of America ("the Chamber") is the world's largest business federation. It represents an underlying membership of more than three million U.S. businesses and organizations of every size, in every industry, and from every region of the country. One important Chamber function is to represent the interests of its members in matters before the courts. To that end, the Chamber regularly files amicus briefs in cases raising issues of vital concern to the nation's business community.

The National Association of Manufacturers ("NAM") is the largest manufacturing association in the United States, representing small and large manufacturers in every industrial sector and in all fifty states. Manufacturing employs nearly twelve million men and women, contributes more than $1.8 trillion to the U.S. economy annually, has the largest economic impact of any major sector, and accounts for two-thirds of private-sector research and development. The NAM is the powerful voice of the manufacturing community and the leading advocate for a policy agenda that helps manufacturers compete in the global economy and create jobs across the United States.

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(c)(5), *amici* certify that no party's counsel authored this brief in whole or in part; no party or party's counsel contributed money intended to fund the brief's preparation or submission; and no person other than *amici*, their counsel, and their members contributed money intended to fund the brief's preparation or submission.

The United States Hispanic Chamber of Commerce ("USHCC") is the nation's largest Hispanic business association. The USHCC represents the interests of America's nearly 3.2 million Hispanic-owned firms and serves as an umbrella organization to more than 200 local chambers of commerce and business associations across the country. With the mission of fostering Hispanic economic development and creating sustainable prosperity for the benefit of American society, the USHCC constantly pushes policy makers to prioritize the growth of America's wider business community.

As frequent class-action defendants, *amici*'s members are deeply interested in the continuing viability of class settlements and in the proper application of Federal Rule of Civil Procedure 23. Litigating class actions can be expensive and time consuming, and amicable settlements benefit defendants, class members, and the legal system itself. But settlement is possible only when parties can be sure their agreements will be implemented as written and consistently with governing law. The panel's decision upends that expectation, making settlement a far riskier and much less desirable option. *Amici* have a unique perspective on the consequences of that decision and a strong interest in its reconsideration.

## ARGUMENT

In the decision under review, a divided panel of this Court upheld the implementation of a settlement that bears no resemblance to the agreement the

parties reached. And the panel did not just err along the margins; it disregarded fundamental legal principles the parties understood would apply. That decision was not merely incorrect, as BP's petition for rehearing *en banc* explains; it also portends harmful consequences for class-action litigants in future cases. By making settlement less predictable, the panel's decision could force litigants away from the settlement table and into the courtroom. That would hurt litigants and the courts. This Court should grant BP's petition and rehear this case to eliminate potential barriers to the settlement of future class actions.

1. It is an unfortunate fact that litigation takes time and money. While litigating to a final judgment may nevertheless be the best way of resolving some disputes, others can be redressed more quickly and more efficiently through settlement. Such settlements, courts have long recognized, should be actively encouraged. *See, e.g.*, *Williams v. First Nat. Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."); *In Re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 207 (5th Cir. 1981) (noting the "strong judicial policy favoring settlement of disputes"). Settlements save parties the time and expense of litigation, lead to faster compensation for injured parties, and "contribute greatly to the efficient utilization of our scare judicial resources." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

This is all the more true for class actions. As the number of parties to a dispute increases, so too do the complexities and costs of litigation. "Such litigation clogs dockets for decades, creating burdens on the judicial system and delaying relief for injured parties." *In Re The Exxon Valdez*, 229 F.3d 790, 795 (9th Cir. 2000); *see also, e.g.*, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 597-599 (1997) (noting that the "asbestos-litigation crisis" began in the 1970s); *In re Agent Orange Product Liability Litigation*, 818 F.2d 145 (2d Cir. 1987) (one of nine opinions filed simultaneously in the Agent Orange litigation, which had been ongoing since 1978). As a result, this Court has recognized that the "overriding public interest in favor of settlement" is even stronger in the class-action context. *Cotton*, 559 F.2d at 1331. Settlement gives parties an alternative to decades of complicated litigation, permitting large-scale disputes to be resolved quickly and efficiently. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

2. That is exactly what happened in this case. The parties to this settlement chose to avoid the cost and delay that would have been involved in litigating an "extraordinarily complex and expensive" multi-district action to a final judgment by entering into a settlement agreement. *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 910 F. Supp. 2d 891, 931 (E.D. La. 2012). That was a good result for everyone involved—indeed, the suit would very probably still be in its early stages had settlement not been reached. *See id.* at 932

4

(suggesting that "simply completing trial could require several years" and "appeals could extend this litigation for a decade or more").  But the parties made that choice only because they believed that their agreement would be implemented as it was written and consistently with foundational legal doctrines.  They thought, in other words, that they understood what they were agreeing to.

Unless this Court intervenes, they will have been mistaken in that belief.  For one thing, the panel disregarded the causation requirement enshrined in the settlement agreement.  *See* BP Pet. for Reh'g at x, 7-10.  Even more troubling, the panel interpreted the agreement in contravention of Article III and Rule 23— foundational legal principles that the parties expected would apply.  In particular, the panel determined that a mere "attest[ation]" of a causal link between a claimant's injury and the oil spill would satisfy Article III's causation requirements and Rule 23's certification requirements.  Op. 11.

This conclusion is at odds with a long line of decisions from the Supreme Court and this Court holding that Article III standing is not a "mere pleading requirement[ ]," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and "Rule 23 does not set forth a mere pleading standard," *Wal-Mart Stores, Inc.* v. *Dukes*, 131 S. Ct. 2541, 2551 (2011); *see also Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307, 311-312 (5th Cir. 2005).  Just last year, the Supreme Court reiterated that Rule 23 requires "court[s] to probe behind the pleadings" to ensure the class-

certification requirements are met. *Comcast Corp.* v. *Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal quotation marks omitted).  And standing requires the same kind of searching, evidence-based inquiry. *Lewis v. Casey*, 518 U.S. 343, 358 (1996).  These bedrock legal principles constitute important limitations on courts' ability to resolve disputes and certify classes.  They are part of the legal landscape the parties understood would apply to their settlement agreement, and they cannot be disregarded at the implementation stage.

3.  The panel's failure to apply these foundational standing and class-action rules undermined the parties' expectations about the consequences of their settlement agreement.  And not in a trivial respect, but in a manner that fundamentally altered the bargain the parties struck.  Left in place, the panel's decision portends devastating consequences for parties' ability to resolve future class-action disputes amicably.  Notwithstanding its time- and cost-saving advantages, settlement is a viable alternative to litigation only if parties can be sure that the settlement they agree to will be the settlement that is implemented.  After all, litigation is supposed to be the risky bet; settlement should be more predictable.  But if courts cannot ensure that settling parties' intentions are effectuated and that the limitations of Article III and Rule 23 are enforced during settlement implementation, parties may be more likely to endure lengthy and expensive

litigation rather than risk agreeing to a settlement that may be implemented in a way they never intended.

By rendering settlements unpredictable, the panel decision threatens to make settlement a less viable—and less common—means of resolving disputes across the board. And this result will be particularly exacerbated in the class-action context, where the stakes are higher and more variables are in play. Indeed, this case will stand as a warning to parties contemplating class-action settlements. Class-action defendants will be wary that the scope of their liability could be expanded, as BP's was, far beyond the terms of their agreement and the bounds of Rule 23. And class members may fear that next time the shoe will be on the other foot—that they could get less than they agree to or the law permits. If that occurs, more class actions will go to trial, and more time and money—both the parties' and the courts'—will be squandered on litigation that could have been avoided. And the next time a case like this arises, the parties will still be in discovery and injured class members will be years away from getting any relief.

4. This Court should grant BP's petition for rehearing *en banc* to avoid that outcome. The continuing viability of class-action settlements is undoubtedly a "question of exceptional importance" worthy of the Court's time. Fed. R. App. P. 35(a)(2). The Court should rehear this case—together with the Certification Appeal, *see* No. 13-30095, which likewise misapplies Article III and Rule 23

7

precedents and risks chilling class-action settlements—to ensure that Article III and Rule 23 are properly applied to class-action settlements and to vindicate the "strong judicial policy favoring settlement of disputes." *In Re Corrugated Container Antitrust Litigation*, 643 F.2d at 207.

## CONCLUSION

For the foregoing reasons, the Court should grant BP's petition for rehearing *en banc*.

Respectfully submitted,

*/s/ Catherine E. Stetson*

Rachel Brand
Tyler R. Green
NATIONAL CHAMBER LITIGATION
CENTER, INC.
1615 H Street, N.W.
Washington, D.C. 20062

Linda E. Kelly
Quentin Riegel
NATIONAL ASSOCIATION OF
MANUFACTURERS
733 10th Street, N.W.
Washington, DC 20001

Catherine E. Stetson
  *Counsel of Record*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 637-5600
cate.stetson@hoganlovells.com

March 24, 2014

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the requirements of Federal Rule of Appellate Procedure 29(d) because it is no more than half the maximum length of fifteen pages authorized by Federal Rule of Appellate Procedure 35(b)(2) for petitions for rehearing *en banc*.

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been produced in a proportionally spaced typeface in Microsoft Word 2010 using Times New Roman 14-point font, except for the footnotes, which have been prepared in proportionally spaced Times New Roman 12-point font pursuant to 5th Circuit Rule 32.1.

March 24, 2014                              */s/ Catherine E. Stetson*
                                             Catherine E. Stetson
                                             *Counsel for Amici Curiae*

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that on March 24, 2014, this brief was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system. I further certify that: (1) required privacy redactions have been made pursuant to this 5th Circuit Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to Fifth Circuit Rule 25.2.1, and (3) the document has been scanned with the most recent version of Sysmantec Endpoint Protection and is free of viruses.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit through the appellate CM/ECF system on March 24, 2014.   All participants in the case are registered CM/ECF users and will be served through the appellate CM/ECF system.


Dated: March 24, 2014                    */s/ Catherine E. Stetson*
                                          Catherine E. Stetson
                                          *Counsel for Amici Curiae*